# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

GENA MARIE DUNPHY,

*Defendant-Appellant.*

No. 08-6919

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
John Preston Bailey, Chief District Judge.
(3:02-cr-00045-JPB-1)

Argued: October 29, 2008

Decided: January 5, 2009

Before WILKINSON and DUNCAN, Circuit Judges,
and Richard D. BENNETT, United States District Judge for
the District of Maryland, sitting by designation.

Affirmed by published opinion. Judge Duncan wrote the opin-
ion, in which Judge Wilkinson and Judge Bennett concurred.

## COUNSEL

**ARGUED:** Brian Joseph Kornbrath, Federal Public Defender,
Clarksburg, West Virginia, for Appellant. William C. Brown,
UNITED STATES DEPARTMENT OF JUSTICE, Washing-

ton, D.C., for Appellee. **ON BRIEF:** Sharon L. Potter, United States Attorney, Wheeling, West Virginia; Paul T. Camilletti, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

---

## OPINION

DUNCAN, Circuit Judge:

In 2003, Gena Dunphy pleaded guilty to aiding and abetting the possession of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). She was sentenced to 135 months imprisonment, the minimum sentence under the Sentencing Guidelines in effect at that time. In 2008, Dunphy moved the district court for a reduction of her sentence based on an amendment to the guidelines that effectively lowered the offense level with respect to offenses involving crack cocaine.

The district court reduced Dunphy's sentence to 108 months, the minimum available to her under the amended guidelines, but declined to grant a further reduction below the 108-month minimum on the ground that it lacked authority to do so. Dunphy timely appealed. Because the district court properly interpreted the limits of its authority, we affirm.

I.

Dunphy pleaded guilty in May of 2003 to a single count of aiding and abetting the possession of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). At her sentencing hearing, the district court found, as stipulated by the parties, that she was responsible for over 150 grams of crack. Under the guidelines applicable at the time, that drug quantity produced a base offense level of 34. *See* U.S.S.G.

§ 2D1.1(c)(3) (2002). Adding two levels for possession of a firearm, and subtracting three levels for acceptance of responsibility, the district court calculated Dunphy's total offense level at 33. With her category I criminal history, Dunphy's sentencing range was 135-168 months. The district court sentenced Dunphy at the bottom of that range to a term of 135 months of imprisonment. Dunphy did not appeal.

Several years later, the Sentencing Commission issued Amendment 706, which altered the drug quantity table set forth in U.S.S.G. § 2D1.1 to effectively lower the base offense level for offenses involving crack cocaine by two levels.[1] The Commission added Amendment 706 to the list in the U.S.S.G. § 1B1.10(c) policy statement that designates those guidelines amendments which may be applied retroactively.[2]

Based on these amendments, Dunphy moved in the district court for a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(2), which provides a limited exception to the rule barring a court from modifying a sentence once it has been imposed. Applying the amended drug quantity table to the quantity of crack attributable to Dunphy in 2003, Dunphy's base offense level was reduced from 34 to 32. Applying the two-level firearm enhancement and three-level subtraction for acceptance of responsibility, Dunphy's total offense level became 31. This offense level yields an amended guideline range of 108-135 months, reduced from the 135-168 months applicable at her initial sentencing. The district court resentenced Dunphy to 108 months, the bottom of the amended guideline range.

---

[1]Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, which also became effective November 1, 2007. Amendment 706 was incorporated through Amendment 713. Amendment 712, discussed below, concerns separate changes made to the U.S.S.G. § 1B1.10 policy statement.

[2]A guideline amendment may be applied retroactively only when expressly listed in U.S.S.G. § 1B1.10(c). *United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004).

Dunphy nevertheless requested that the district court grant a further reduction to a sentence below 108 months. She acknowledged that with respect to defendants who were originally sentenced within the guideline range, as she had been, the language of U.S.S.G. § 1B1.10(b)(2)(A) bars the district court from reducing the defendant's sentence to "a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A); *see also* App. Note 3. She argued, however, that the § 1B1.10(b) mandatory restriction on the extent of the reduction was invalid for two reasons: (1) because, as a constitutional matter, *United States v. Booker*, 543 U.S. 220 (2005), held that the guidelines were advisory rather than mandatory; and (2) because, as a matter of statutory construction, § 1B1.10(b) was inconsistent with the requirement that the sentencing court apply the § 3553(a) factors. *See* J.A. 73-76.

The district court disagreed. It denied Dunphy's motion insofar as she sought a reduction below the minimum amended guideline range on the ground that it lacked such authority under § 3582(c)(2). J.A. 84-87. The court observed that § 3582(c) proscribes the modification of a term of imprisonment once it has been imposed, except under narrow circumstances provided in the statute, and permits a reduction only if "consistent with applicable policy statements issued by the Sentencing Commission." J.A. 83-85 (quoting § 3582(c)(2)). The court further pointed to the directive in 28 U.S.C. § 994(u) that if the Commission reduces a sentencing range, it must determine the circumstances and the extent of the reduction. J.A. 84. Citing authority from other circuits as well, the district court concluded that *Booker* did not authorize courts to deviate below the level authorized by the Sentencing Guidelines and policy statements in the guidelines. J.A. 83-86.

This appeal followed.

II.

The district court's determination that it lacked authority to reduce Dunphy's sentence to a term below the amended guideline range is a question of law that we review de novo. *United State v. Legree*, 205 F.3d 724, 727 (4th Cir. 2000).

We begin our analysis with a consideration of the statutes and guidelines involved. The congressional directive in 28 U.S.C. § 994(u) provides that "[i]f the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment may be reduced." § 994(u). As the Supreme Court has explained with respect to this provision, "Congress has granted the Commission the unusual explicit power to decide whether and to what extent its amendments reducing sentences will be given retroactive effect." *Braxton v. United States*, 500 U.S. 344, 348 (1991) (citing § 994(u)) (emphasis omitted).

In 18 U.S.C. § 3582(c), Congress mandated that courts "may not modify a term of imprisonment once it has been imposed." § 3582(c). However, § 3582(c) allows for specified exceptions to this general rule. The exception relevant here authorizes a district court to reduce a defendant's term of imprisonment when the Commission has subsequently lowered his or her sentencing range and made that reduction retroactive. However, such sentence-reduction is authorized only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2).

Under the express statutory language of § 994(u) and § 3582(c)(2), the Commission's policy statements implementing the statute's authorization of retroactive sentence reductions are binding, just as the statutory restrictions on reductions below a mandatory minimum are binding. *See*

*United States v. Walsh*, 26 F.3d 75, 77 (8th Cir. 1994) (holding that "Congress has made the policy statements set forth in § 1B1.10 the applicable law for determining whether a district court has the authority to reduce a sentence in this situation."). The guideline's policy statement in U.S.S.G. § 1B1.10, identifying the amendments which may be applied retroactively, further emphasizes the limited nature of the relief available under § 3582(c)(2). Subsection 1B1.10(a) provides, in relevant part:

> (1) In General. — In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment . . . , the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). . . .

> (3) Limitation. — [P]roceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing *of the defendant*.

U.S.S.G. § 1B1.10(a) (as amended by Amendment 712 effective March 3, 2008) (emphasis added).

Subsection 1B1.10(b)(l), in turn, specifies the mechanism for calculating the amended guideline range:

> [T]he court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute *only* the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced *and shall leave all other guideline application decisions unaffected*.

U.S.S.G. § 1B1.10(b)(1) (as amended by Amendment 712 effective March 3, 2008) (emphases added).

Subsection 1B1.10(b)(2)(A), which applies when a defendant (like Dunphy) received a within-guidelines sentence at her original sentencing, limits the extent of the reduction to the minimum of the amended guideline range. It states in pertinent part that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). The guidelines commentary reiterates this explicit limitation on the extent of the reduction, stating:

> Under subsection (b)(2), the amended guideline range . . . limit[s] the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement. Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, *the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term provided by the amended guideline range* determined under subsection (b)(1).

U.S.S.G. § 1B1.10, App. Note 3 (as amended by Amendment 712 effective March 3, 2008) (emphasis added).

Moreover, proceedings under § 3582(c)(2) "do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3); *see Legree*, 205 F.3d at 730 (holding that a motion pursuant to § 3582(c) "is not a do-over of an original sentencing proceeding" (citation omitted)); *see also United States v. McBride*, 283 F.3d 612, 615 (3d Cir. 2002) (holding that § 3582(c)(2) authorizes "a reduction of sentence" and not a "full resentencing"); *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) (holding that § 3582(c)(2) "do[es] not

contemplate a full *de novo* resentencing" (quotation and citation omitted)). Rather, § 3582(c)(2) and U.S.S.G. § 1B1.10 are narrow provisions that allow a limited reduction of sentence by the amount specified in an amendment, while prohibiting a complete reevaluation. *See*, *e.g.*, *United States v. Hasan*, 245 F.3d 682, 685-86 (8th Cir. 2001) (en banc) (finding that a reduction below the amended guideline range is not permitted); *Bravo*, 203 F.3d at 781 (affirming that the district court "lacked jurisdiction to depart downward . . . to an extent greater than that authorized under Section 3582(c) based on the amended guideline provision"). In providing that sentencing reductions must be consistent with applicable policy statements, § 3582(c)(2) thus creates a jurisdictional bar to reducing sentences below the range authorized by the Commission. *See*, *e.g.*, *United States v. Julien*, 550 F. Supp. 2d 138, 139-40 (D. Me. 2008).

## III.

## A.

Dunphy advances two arguments on appeal, which we consider in turn. First, she argues that limiting the extent of a § 3582(c)(2) sentencing reduction is the functional equivalent of a mandatory application of the guidelines which *Booker* and *Kimbrough v. United States*, 128 S. Ct. 558 (2007), prohibit. However, this argument is unavailing.

In *Booker*, the Supreme Court concluded that the Sixth Amendment requires that the jury, not the judge, find the facts that establish the mandatory guideline range. The Court remedied that Sixth Amendment constitutional defect reflected in the guidelines by severing the provisions that made them mandatory. Because the guidelines are now advisory, the courts must *consider* the guidelines as well as the other factors in 18 U.S.C. § 3553(a) in selecting an appropriate sentence. *Booker*, 543 U.S at 245-68; *see also Gall v. United States*, 128 S. Ct. 586, 594 (2007).

Nothing in *Booker*, however, expands the permissible extent of sentencing reductions under § 3582(c)(2). Even before *Booker*, the guidelines were not mandatory in § 3582(c) proceedings. Courts are not *required* to reduce a sentence. Section 3582(c)(2) merely provides that they "may" do so in certain circumstances. And even if a court does reduce a sentence, it is not required to do so to the full extent allowed by a retroactive guideline amendment. Instead, then, as now, courts are to "consider[ ] the factors set forth in § 3553(a) to the extent that they are applicable" and reduce the sentence "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). The § 3553(a) factors were always the guiding principle under § 3582(c)(2), with the limitation that a reduction must be in accord with the Commission's policy statements.

*Booker* thus had no direct effect on § 3582(c)(2). While it applied the now-familiar rule that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," *Booker*, 543 U.S. at 231 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)), such a rule has no application to proceedings under § 3582(c)(2), which can only decrease — not increase — the defendant's sentence.[3]

*Booker*'s remedial holding is likewise inapplicable. *Booker applies to full sentencing hearings* — whether in an initial sentencing or in a resentencing where the original sentence is vacated for error. The *Booker* Court excised and severed the provision — 18 U.S.C. § 3553(b)—that made the guidelines

---

[3]Further, the limits § 3582(c)(2) and U.S.S.G. § 1B1.10 impose on the extent of reductions are, at most, the equivalent of mandatory minimum sentences, which the Sixth Amendment permits within an otherwise-authorized sentencing range. *See Harris v. United States*, 536 U.S. 545, 566 (2002).

mandatory in such sentencing proceedings. It also excised the related provision on appellate review, 18 U.S.C. § 3742(e). "With these two sections excised (and statutory cross-references to the two sections consequently invalidated)," the Court held, "the remainder of the Act satisfies the Court's constitutional requirements." *Booker*, 543 U.S. at 259. Section 3582(c)(2) contains no cross-reference to § 3553(b) and there-fore was not affected by *Booker*. Nor is there anything else in *Booker* that directly addresses § 3582(c) proceedings.

The Court in *Booker* did apply its advisory guidelines rem-edy to full sentencing hearings in which no Sixth Amendment violation existed, concluding that Congress would not have wanted the guidelines to be mandatory in some contexts and advisory in others. *Id.* at 266. The Court rested its decision on two observations; the fact that neither applies to reduction proceedings under § 3582(c)(2) reinforces our conclusion regarding the limits on the scope of that provision. First, the Court observed that Congress would not have wanted to "im-pose mandatory . . . limits upon a judge's ability to *reduce* sentences," but not to "impose those limits upon a judge's ability to *increase* sentences." *Id.* Congress would not have wanted such "one-way lever[s]." *Id.* But Congress clearly intended § 3582(c)(2) to be a "one-way lever" insofar as it gives the sentencing court the option to leave a defendant's sentence alone or to reduce it, but does not permit the court to increase the sentence.

Second, the *Booker* Court observed that making the guide-lines partially advisory and partially mandatory in federal sen-tencings would create significant "administrative complexities." *Id.* However, given the limited scope of a pro-ceeding under § 3582(c)(2), the "administrative complexities" that led the Supreme Court to require all guideline provisions to be advisory *at full sentencing proceedings* are not present here. *Id.* On the contrary, a holding that *Booker* requires full resentencings whenever a guideline is made retroactive would create administrative complexities and vastly expand the

scope of a sentencing reduction proceeding under § 3582(c)(2).

Albeit in a slightly different context, the Third Circuit has rejected the notion that *Booker*, by rendering the guidelines advisory, overrides the requirements of § 3582(c). In *United States v. Wise*, the defendants argued that they could gain relief under the crack amendments immediately, even though the amendments had not yet become effective. 515 F.3d 207 (3d Cir. 2008). The Court held that the defendants could not obtain immediate relief under § 3582(c)(2) because § 1B1.10(c) did not yet list the relevant amendments. *Id.* at 221. The Court stated:

> Some may argue that, because the Guidelines are no longer mandatory, defendants need not wait to apply for relief under § 3582(c)(2). That fundamentally misunderstands the limits of *Booker*. Nothing in that decision purported to obviate the congressional directive on whether a sentence could be reduced based on subsequent changes in the Guidelines. As we have stated before, '[t]he language of the applicable sections could not be clearer: the statute directs the Court to the policy statement, and the policy statement provides that an amendment not listed in subsection (c) may not be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2).'

*Id.* at 221 n.11 (quoting *United States v. Thompson*, 70 F.3d 279, 281 (3d Cir. 1995)). Although the guidelines are no longer mandatory, "that does not render optional" the statutory directives regarding their application. *See id.* at 220.

Dunphy, however, relies on the decision in *United States v. Hicks* in which the Ninth Circuit held that reducing a sentence below the amended guideline range was permissible under § 3582(c). 472 F.3d 1167 (9th Cir. 2007). *Hicks* involved a § 3582(c) sentence reduction motion, based on a retroactive

guideline amendment related to possession of firearms, at a time when a prior version of the § 1B1.10 policy statement was in effect. The *Hicks* court found that reducing a sentence below the amended guideline range was consistent with that pre-Amendment 712 version of § 1B1.10. *Id.* at 1172-73. In that respect, the *Hicks* court noted that "[t]he policy statements are silent on the manner in which the modified ranges should be used." *Id.*

However, the post-Amendment 712 version of the policy statement in § 1B1.10, applicable in the instant case, expressly provides that a § 3582(c)(2) proceeding "do[es] not constitute a full resentencing of the defendant," U.S.S.G. § 1B1.10(a)(3), and it explicitly limits the extent of the authorized reduction to "the minimum of the amended guideline range," U.S.S.G. § 1B1.10(b)(2)(A). Thus, the *Hicks* court was not confronted with the situation presented here, where reducing a sentence below the amended guideline range would be directly inconsistent with an applicable policy statement of the Commission.

*Hicks*, however, went further and concluded that even if the applicable policy statements had been inconsistent with reducing a sentence below the amended guideline range, those policy statements would have to "give way." 472 F.3d at 1173. In *Hicks*, the court's view was that limiting the extent of a § 3582(c)(2) sentencing reduction would amount to a mandatory application of the guidelines that is prohibited by *Booker*. *Id.* We find the *Hicks* analysis to be flawed because it fails to consider two marked characteristics of a § 3582(c)(2) proceeding, which we discussed above: (1) this proceeding allows only for downward adjustment and (2) this proceeding is not a full resentencing hearing.[4]

---

[4]In a recent decision, the Tenth Circuit also rejected the argument in *Hicks*. *United States v. Rhodes*, 2008 WL 5102247 (10th Cir., December 5, 2008). The Tenth Circuit in *Rhodes* held, as we do here, that in resentencing a defendant under 18 U.S.C. § 3582(c)(2) because of the retroactive amendment of the guidelines regarding crack cocaine offenses, a district court lacks the authority to impose a sentence that is less than the minimum of the amended guideline range. *Id.* at *7.

In an unpublished decision in *United States v. Outlaw*, this court rejected the defendant's effort to obtain a further reduction under *Booker*. 281 F. App'x 220 (4th Cir. 2008). This court held that "the relief Outlaw seeks is unavailable under § 3582(c)(2)," citing *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005), for the proposition that "*Booker* is inapplicable to § 3582(c) motions." *Outlaw*, 281 F. App'x at 220.

Given that *Booker* does not apply to defendants whose sentences were final when *Booker* was decided, applying *Booker* in § 3582(c) proceedings would create patent inequity among convicted defendants.[5] Section 3582(c)(2) was meant only to permit courts to reduce certain defendants' sentences to account for retroactive guideline amendments. To grant these defendants a further reduction that is not afforded to similarly situated defendants would increase the unwarranted sentencing disparities Congress sought to reduce in the Sentencing Reform Act.[6]

---

[5]We note that the conclusion that *Booker* does not apply in proceedings under § 3582(c)(2) is consistent with the courts of appeals' uniform holdings that defendants whose convictions are final have no right to resentencing under *Booker* on collateral review under 28 U.S.C. § 2255. *See Cirilo-Munoz v. United States*, 404 F.3d 527, 532-33 (1st Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 141 (2d Cir. 2005); *Lloyd v. United States*, 407 F.3d 608, 613-16 (3d Cir. 2005); *United States v. Morris*, 429 F.3d 65, 66-67 (4th Cir. 2005); *United States v. Gentry*, 432 F.3d 600, 602-05 (5th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *Never Misses A Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005); *United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005); *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 867-68 (11th Cir. 2005); *In re Fashina*, 486 F.3d 1300, 1306 (D.C Cir. 2007). It would be incongruous if courts interpreted § 3582(c)(2) to trigger a full *Booker* resentencing when it (1) provides for much more limited relief than § 2255, (2) concerns only sentence reductions, and (3) raises no Sixth Amendment concerns.

[6]If we were to adopt Dunphy's argument, for instance, a defendant convicted of possession of a large quantity of powder cocaine and a small

Dunphy also cites *Kimbrough* for the propositions that offense levels based on crack cocaine quantity specifically are advisory and that, in deciding whether to depart downward from the guideline range, courts may take into account the disparity between sentencing for powder cocaine and crack cocaine. *See* Appellant Br. at 12-13. However, nothing in *Kimbrough* undercuts the district court's judgment because the Court in *Kimbrough* did not address § 3582(c) proceedings.

B.

In addition to her *Booker* argument, Dunphy argues that the express limitation on the extent of her sentence reduction established by U.S.S.G. § 1B1.10(b) should be disregarded as a matter of statutory interpretation. Dunphy claims that the language in § 3582(c)(2) directing the court to "consider the factors in § 3553(a) to the extent that they are applicable" mandates a full resentencing in every case and precludes the Commission from setting any limitation on the extent of a § 3582(c) reduction. *See* Appellant Br. 10. Any limitation set by the Commission would, in Dunphy's view, conflict with

---

quantity of crack cocaine could be eligible for full resentencing, even if the quantity of powder cocaine was sufficient to yield the original base offense level (so that the retroactive crack cocaine amendments alone would not yield any reduction). The same situation would arise whenever an offense that accompanied the crack cocaine offense was sufficient to yield the original base offense level. Similarly, a full resentencing for those eligible for potential reduction under retroactive amendments would mean that they alone among those convicted would presumably have the opportunity to bring events that happened subsequent to their original sentencing to bear in their resentencing. Or, again, those eligible for potential reduction under retroactive amendments would have the opportunity to re-present original mitigating factors in the hopes that a different judge would be more lenient than the original sentencing judge. These illustrations also make apparent the additional administrative complexities that would accompany a holding that would transform a § 3582(c)(2) proceeding into a full re-sentencing hearing.

the mandate that the court consider the § 3553(a) factors. We disagree.

Contrary to Dunphy's argument, the reference in § 3582(c) to consideration of the § 3553(a) factors does not invalidate the limitations in the U.S.S.G. § 1B1.10(b) policy statement. Rather, the reference in § 3582(c) is implemented through the U.S.S.G. § 1B1.10 requirement that a court consider the § 3553(a) factors (including the guidelines) in determining: (1) whether a reduction is warranted and (2) the extent of such reduction. U.S.S.G. § 1B1.10, App. Note 1(B)(i).[7] In that manner, consideration is given to the § 3553(a) factors without turning a § 3582(c) hearing into a full sentencing hearing and without disregarding the § 3582(c) requirement that a reduction be consistent with the Commission's policy statements. As the Eighth Circuit held in *Hasan*:

> The language of the statute, 18 U.S.C. § 3582(c)(2), is clear. The factors set forth in § 3553(a) and the applicable policy statements are to be considered only when making the decision whether to reduce a term of imprisonment as a result of the Sentencing Commission's lowering of the sentencing range. The statute does not say that the court may reduce the term of imprisonment below the amended sentencing range or that the § 3553(a) factors or the applicable policy statements should be considered for such an additional reduction.

*Hasan*, 245 F.3d at 685.

---

[7]App. Note 1(B)(i) to U.S.S.G. § 1B1.10 provides:

In general. — Consistent with 18 U.S.C. § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction of the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in [U.S.S.G. § 1B1.10(b)].

The district court here expressly considered the § 3553(a) factors in making the determination (1) that a reduction of Dunphy's term of imprisonment was warranted and (2) that the extent of the reduction for Dunphy should be to the minimum of the amended guideline range. It properly did so in accord with the limits described in U.S.S.G. § 1B1.10(b), refusing to go below the minimum of the amended guideline range.[8] J.A. 82-83.

Dunphy also argues that the § 1B1.10(b) policy statement and accompanying commentary are "not the type of policy statement Congress had in mind in § 3582(c)(2)."[9] Appellant Br. 15. To support her argument, Dunphy references the Supreme Court's statement in *Braxton*, 500 U.S. at 348, that "Congress has granted the Commission the unusual explicit *power* to decide whether and to what extent its amendments reducing sentences will be given retroactive effect, 28 U.S.C. § 994(u)." Appellant Br. 15. However, as Dunphy's quotation demonstrates, far from supporting Dunphy's argument, *Braxton* explicitly recognizes the Commission's power under 28 U.S.C. § 994(u) to decide *whether* an amendment will be given retroactive effect and to decide the *extent* of that retroactive effect. *See Braxton*, 500 U.S. at 348. The Commission has exercised that power in limiting the extent of § 3582(c) reductions in § 1B1.10(b).

Dunphy further argues that § 1B1.10(b) is invalid under 28 U.S.C. § 994(a)(2). Appellant Br. 17-18. However, § 994(a)(2) expressly authorizes such policy statements, as it describes the duty of the Commission to promulgate and dis-

---

[8]Further, Dunphy's proposed interpretation of § 3582(c) ignores the language in that statute immediately following the reference to 3553(a) — language that expressly conditions the availability of any reduction on consistency with the Commission's applicable policy statements.

[9]Dunphy would apparently have this Court give full effect under § 3582(c) to the portion of § 1B1.10 designating Amendment 706 as retroactive, *see* U.S.S.G. § 1B1.10(c), but conveniently ignore the remainder of the same policy statement.

tribute general policy statements regarding how the guidelines ought to be applied or implemented, "including the appropriate use of . . . the sentence modification provisions set forth in section[ ] . . . 3582(c) of title 18." § 994(a)(2). Nothing in § 994(a)(2) bars the Commission from issuing a policy statement regarding the implementation of sentence reductions under § 3582(c), as it has done in U.S.S.G. § 1B1.10.

Dunphy notes that the Commission described Amendment 706 as an interim measure to alleviate some of the problems associated with the 100-to-1 powder/crack drug quantity ratio. But that does not make the amended drug-quantity guideline invalid in the present case. *See* U.S.S.G. § 2D1.1(c). Nor does the Commission's description of Amendment 706 as an interim measure invalidate § 1B1.10(b), the policy statement that, in conjunction with § 3582(c), controls the retroactive effect of lowered guidelines.

## IV.

When a sentence is within the guidelines applicable at the time of the original sentencing, in an 18 U.S.C § 3582(c) resentencing hearing, a district judge is not authorized to reduce a defendant's sentence below the amended guideline range. Consequently, the district court's order is

*AFFIRMED*.