**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-7619**

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

DARRELL W. SAMUEL,

　　　　　Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., Chief District Judge. (3:94-cr-00773-JFA-1)

Submitted: January 14, 2009　　　Decided: January 21, 2009

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Darrell W. Samuel, Appellant Pro Se. Christopher Todd Hagins, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrell W. Samuel seeks to appeal the district court's order treating his Fed. R. Civ. P. 60(b) motion as a successive 28 U.S.C.A. § 2255 (West Supp. 2008) motion, and dismissing it on that basis. He also appeals the court's order granting his motion for a sentence reduction under 18 U.S.C. § 3582(c) (2006). The order denying his Rule 60(b) motion as successive is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude Samuel has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal from court's denial of Samuel's Rule 60(b) motion.

2

Additionally, we construe Samuel's notice of appeal and informal brief as an application to file a second or successive motion under 28 U.S.C.A. § 2255. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C.A. §§ 2244(b)(2), 2255 (West 2006 & Supp. 2008). Samuel's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

In addition, we find the district did not abuse its discretion granting Samuel's motion for a sentence reduction. United States v. Goines, 357 F.3d 469, 478 (4th Cir. 2004) (stating standard of review). Insofar as Samuel suggests the court could have considered an even lower sentence below the Guidelines sentencing range, this claim is foreclosed by United States v. Dunphy, __ F.3d __, 2009 WL 19139, *8 (4th Cir. 2009)

("[A] district judge is not authorized to reduce a defendant's sentence below the amended guideline range.").

Accordingly, we deny a certificate of appealability and dismiss the appeal from the order denying the Rule 60(b) motion and we affirm the order granting Samuel a sentence reduction. We also deny Samuel's motion for production of documents. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART