**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-7542**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

THERESA CREPEAU, a/k/a T Crepeau,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.   Raymond A. Jackson,
District Judge.   (4:94-cr-00002-JEB-4)

Submitted:  January 14, 2009       Decided:  February 13, 2009

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

Affirmed in part; vacated in part and remanded by unpublished
per curiam opinion.

Theresa Crepeau, Appellant Pro Se.   Kevin Michael Comstock,
Assistant United States Attorney, Norfolk, Virginia, Stephen
Wiley Miller, Assistant United States Attorney, Richmond,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Theresa Crepeau appeals a district court order denying her motion for a sentence reduction under 18 U.S.C. § 3582(c) (2006). We affirm in part and vacate in part and remand with instructions that the district court consider Crepeau's motion as it pertains to Amendment 505 of the Sentencing Guidelines.

In July 1994, Crepeau was convicted of conspiracy to distribute controlled substances, distribution and possession with intent to distribute cocaine and cocaine base, making a premises available for storing and distributing cocaine and cocaine base, three counts of money laundering and one count of using a firearm in relation to a drug trafficking crime. She was found responsible for 11.021.4 kilograms of crack cocaine and 144 kilograms of cocaine powder and was assigned a base offense level of 40 and placed in Criminal History Category II. The range of imprisonment for the drug and money laundering convictions was 324 to 405 months' imprisonment. Crepeau was sentenced to 360 months' imprisonment for those convictions and a consecutive sentence of 60 months for the firearm conviction.

In March 2008, Crepeau filed a motion for appointment of counsel in order to file a motion under 18 U.S.C. § 3582(c)(2) (2006), to take advantage of Amendment 706 to the Sentencing Guidelines and other relief deemed appropriate. The district court construed Crepeau's motion as a motion under

2

§ 3582(c)(2) and instructed the Government to file a response indicating whether it opposed the motion, and if so, to file a second response citing the reasons for opposing the motion. Crepeau was given thirty days after the Government filed a response to file a reply. The Government filed a response stating that under Amendments 706 and 711, Crepeau was not entitled to relief because the combined weight of the crack cocaine and the powder cocaine equaled 102,643.4 kilograms of marijuana for a base offense level of thirty-eight. The Government noted that because Crepeau was responsible for more than 4.5 kilograms of crack cocaine, she was not entitled to relief under Amendments 706 and 711 because the offense level was not lowered for crack quantities greater than 4.5 kilograms. The district court agreed with the Government and found that because Crepeau was responsible for more than 4.5 kilograms of crack cocaine, she was not entitled to relief under Amendments 706 and 711.

Crepeau filed a motion to reconsider because she argued that according to the district court's order directing the Government to respond, she was entitled to file a reply within thirty days of the Government's response. She also argued that United States v. Booker, 543 U.S. 220 (2005), applied to her case and the district court should consider anew the 18 U.S.C. § 3553 (2006) sentencing factors. The district

court granted Crepeau's motion, vacated the prior order and directed Crepeau to file a reply. Crepeau replied, stating that she was originally sentenced in 1994 to an offense level of forty. Crepeau noted the Government erred claiming there was no change to her offense level. Crepeau further noted that Amendment 505 capped drug quantity offense levels at thirty-eight and it was issued after she was sentenced. Crepeau claimed she never received retroactive application of Amendment 505, which became effective November 1, 1994, and is retroactive. See U.S. Sentencing Guidelines Manual § 1B1.10(c) (2008). Crepeau noted that if she was sentenced at level thirty-eight with a Criminal History Category of II, her range of imprisonment under the Guidelines would be 262 to 327 months. Crepeau also argued that Booker made the Guidelines advisory and she could be sentenced below the range of imprisonment.

The district court entered a superseding order denying Crepeau's motion, finding that because she was responsible for more than 4.5 kilograms of crack cocaine, she was ineligible for a sentence reduction. The court did not address the application of Amendment 505.

We review the district court's denial of a motion under § 3582(c)(2) for abuse of discretion. See United States v. Goines, 357 F.3d 469, 478 (4th Cir. 2004). A court abuses its discretion if it fails or refuses to exercise

4

discretion, or if it relies on erroneous legal or factual premises.  James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993).

Insofar as the district court denied Crepeau's request for a sentence reduction under Amendments 706 and 711, we find no abuse of discretion and affirm that part of the district court order.  Crepeau's claim that the court should have considered a sentence below the Guidelines is without merit. "[A] district judge is not authorized to reduce a defendant's sentence below the amended guideline range."  United States v. Dunphy, __ F.3d __, 2009 WL 19139, *8 (4th Cir. 2009).

However, we find Crepeau adequately put forth a claim that she was entitled to a sentence reduction under Amendment 505, a claim not addressed by either the Government or the district court.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (pro se pleadings are entitled to a liberal construction); see also Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts often ignore pro se labels on pleadings in order to avoid an unnecessary dismissal or an inappropriately stringent application of formal labeling requirements).

Because the district court did not consider Crepeau's request under § 3582(c) for a sentence reduction as a result of Amendment 505, we vacate in part the district court's order and remand for further proceedings.  We take no position as to how

5

the court should exercise its discretion if it finds Amendment 505 lowered Crepeau's Guidelines sentencing range.

Accordingly, we affirm in part and vacate in part and remand for further proceedings consistent with this opinion. We deny Crepeau's motions to place the case in abeyance pending Dunphy and for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED IN PART AND REMANDED
