**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-6933**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

RYAN O'NEIL LANSDOWNE,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, Senior District Judge.  (1:00-cr-00185-TSE-1)

Submitted:  October 21, 2009          Decided:  October 30, 2009

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Ryan O'Neil Lansdowne, Appellant Pro Se.  Lawrence Joseph Leiser, Kimberly Ann Riley, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ryan O'Neil Lansdowne appeals the district court's order granting his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (2006). Applying Amendment 706 of the Guidelines, see U.S. Sentencing Guidelines Manual ("USSG") App. C Supp. Amend. 706, the district court reduced Lansdowne's sentence by thirty months to 262 months of imprisonment. Finding no reversible error, we affirm.

Lansdowne was held responsible for conspiring to distribute over 1.5 kilograms of cocaine base, for a base offense level of thirty-six under Amendment 706. See USSG §§ 1B1.10(b)(1), p.s., 2D1.1(c)(2) (2008). However, because he qualified as a career offender, see USSG § 4B1.1(b)(A), his base offense level is thirty-seven. See § 4B1.1(b) ("[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply."). Applying the three-level reduction for acceptance of responsibility, we find that Lansdowne's total offense level is thirty-four. With a criminal history category of VI, the amended guidelines range is 262 to 327 months.

We therefore find that the district court properly reduced Lansdowne's sentence to 262 months. Although Lansdowne argues that he should have received a greater reduction, the

district court was not authorized to reduce the sentence below 262 months.  Pursuant to USSG § 1B1.10(b)(2)(A), p.s., "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." As we recently ruled, this limitation is jurisdictional. United States v. Dunphy, 551 F.3d 247, 254 (4th Cir.), cert. denied, 129 S. Ct. 2401 (2009).

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED