**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-7220**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

TYRELL DANTE BROWN,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Robert G. Doumar, Senior
District Judge.  (2:00-cr-00094-RGD-2)

Submitted:  April 9, 2010          Decided:  June 3, 2010

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Keith Loren
Kimball, Assistant Federal Public Defender, Norfolk, Virginia,
for Appellant. Neil H. MacBride, United States Attorney, Howard
J. Zlotnick, Richard D. Cooke, Assistant United States
Attorneys, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrell Dante Brown appeals from the partial grant of his 18 U.S.C. § 3582 (2006) motion for reduction of sentence based upon the crack cocaine amendments to the Sentencing Guidelines. We affirm.

Brown's original Guidelines range was 188 to 235 months, and he was sentenced to 204 months incarceration. Brown's amended Guidelines range, after application of Amendment 715, was 151-188 months. The Government agreed that Brown was eligible for a reduction but it opposed such a reduction based upon Brown's alleged danger to the community. In support, the Government averred that Brown had repeated incidents of violent behavior in prison.

On June 2, 2009, the district court ruled that it was required to "act as if the Crack Cocaine Amendments were in effect at the time of sentencing." Thus, the court stated that it would "not consider events and circumstances that occurred subsequent to sentencing." The court then stated it considered the sentencing factors and granted the motion, reducing Brown's sentence to 188 months.

On June 11, the Government filed a motion to reconsider under Fed. R. Crim. P. 35(a). The Government asserted that the court was permitted to consider Brown's post-sentencing conduct under the applicable Guidelines policy

2

statements.  The district court vacated its June 2 order and scheduled a hearing on the motion to reconsider.  At the hearing, the court stated that "I was in error, clearly" and granted the motion to reconsider.

After the hearing, where Brown's behavior in prison was discussed in depth, the district entered an order considering in detail the statutory factors, Brown's post-sentencing conduct, and the safety of the public.  The court then granted the motion for reduction of sentence and imposed a sentence of 196 months.  Brown timely appealed.  On appeal, Brown asserts that Rule 35(a) does not permit reconsideration in this case because the Government did not show that the district court committed clear error.  Brown further contends that his sentence was an abuse of discretion because it was above the amended Guidelines range and was greater than the original reduced sentence.

Rule 35(a) authorizes the reconsideration and correction of a sentence under two conditions.  First, the motion must be filed within fourteen days, and second, the court may only correct an "arithmetical, technical, or other clear error."  United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010).  Here, the Government filed its motion nine days after the entry of sentence and alleged clear error in the district

3

court's original imposition of sentence. Thus, the district court had authority to consider the motion.

Under the clear error standard of review, a court may reverse only if "left with the definite and firm conviction that a mistake has been committed." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005); see also United States v. Ward, 171 F.3d 188, 191 (4th Cir. 1999) (holding that Rule 35 permits correction of a "misperception of the governing law"). There is little doubt in this case that the district court had a "definite and firm conviction" that it had erred by failing to consider Brown's post-sentencing conduct. Moreover, the district court's determination that its initial order was in error was correct; the Guidelines very clearly provide that a district court "may consider post-sentencing conduct of the defendant." U.S. Sentencing Guidelines Manual § 1B1.10, comment. n.1(B)(iii) (2008). Because the district court properly found that its June 2 order was clearly erroneous, the court acted appropriately by granting the Government's motion and reconsidering Brown's sentence.

Finally, Brown contends that, under our decision in United States v. Dunphy, 551 F.3d 247 (4th Cir.), cert. denied, 129 S. Ct. 2401 (2009), the district court was constrained to sentence Brown within the amended Guidelines range. Thus, the 196-month sentence was error, because it exceeded the amended

4

Guidelines range of 151-188 months. We reject Brown's argument. While Dunphy concluded that a district court must limit the extent of its sentence reduction to the minimum of the amended Guidelines range, id. at 251, Dunphy also recognized that the district court is not required to reduce a sentence, even if the defendant is eligible for such a reduction. Id. at 252. Moreover, even should the court decide to reduce a sentence, it is not required to do so to the full extent authorized by the amended Guidelines. Id. Instead, the court should consider the statutory sentencing factors and determine whether a sentence reduction is appropriate, limited only by the explicit requirement that the sentence not be below the bottom end of the amended Guidelines range. See id. at 252-54. Thus, the district court did not err by imposing a reduced sentence above the amended Guidelines range. Moreover, we find that the district court appropriately considered the statutory sentencing factors and Brown's particular circumstances on reconsideration and did not abuse its discretion in choosing the sentence imposed.

Based on the foregoing, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED