**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-6931**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MIGUEL ANGEL LARA-ALVAREZ,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Fox, Senior
District Judge.  (7:01-cr-00130-F-3)

_____

Submitted:  February 26, 2010        Decided:  August 20, 2010

_____

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Miguel Angel Lara-Alvarez, Appellant Pro Se.  Jennifer P. May-
Parker,  Rudolf  A.  Renfer,  Jr.,  Assistant  United  States
Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Miguel Angel Lara-Alvarez appeals from the district court's grant in part of his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (2006), based on the crack cocaine amendments to the sentencing guidelines. Lara-Alvarez had requested a two-level reduction in his offense level and a sentence at the bottom of the amended guideline range. The district court reduced his offense level, but imposed a sentence at the top of the amended guideline range. Lara-Alvarez asserts on appeal that the district court had jurisdiction under United States v. Booker, 543 U.S. 220 (2005), to conduct a full resentencing hearing and to impose a non-guideline sentence guided only by the sentencing goals set out in 18 U.S.C. § 3553(a) (2006). He acknowledges that U.S. Sentencing Guidelines Manual § 1B1.10, p.s. (2008) limits the scope of the proceeding and the extent of the reduction the district court may make under § 3582(c)(2), but contends that, after Booker, this policy statement must be regarded as advisory, not mandatory. We affirm.

We review an order granting or denying a § 3582(c)(2) motion for abuse of discretion. United States v. Munn, 595 F.3d 183, 186 (4th Cir. 2010). Lara-Alvarez's claim is without merit because Booker is inapplicable to § 3582(c)(2) proceedings. See Dillon v. United States, 130 S. Ct. 2683, 2693-94 (2010)

2

(holding that § 3582(c)(2) does not authorize a resentencing, but merely provides for a sentence reduction within the bounds established by the Sentencing Commission, and that Booker does not apply to § 3582(c)(2) proceedings); see also United States v. Dunphy, 551 F.3d 247, 252-53 (4th Cir.), cert. denied, 129 S. Ct. 2401 (2009).

We therefore affirm the sentence imposed by the district court. We deny Lara-Alvarez' motion to appoint counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED