**ON REHEARING**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-8184**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

JAMES TILLMAN,

              Defendant – Appellant.

**No. 09-8190**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

JAMERSON DEVOIR TILLMAN,

              Defendant – Appellant.

Appeals from the United States District Court for the District of Maryland, at Greenbelt.  Alexander Williams, Jr., District Judge.  (8:00-cr-00137-AW-2; 8:00-cr-00137-AW-1)

Submitted:  June 29, 2010        Decided:  October 19, 2010

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

James Tillman and Jamerson Devoir Tillman, Appellants Pro Se. Stuart A. Berman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Tillman and Jamerson Devoir Tillman appeal from the district court's orders granting their 18 U.S.C. § 3582(c)(2) (2006) motions and reducing their sentences. They argue on appeal that they should receive a full resentencing in light of United States v. Booker, 543 U.S. 220 (2005), applying the Sentencing Guidelines as advisory and allowing them to challenge the leadership role enhancements they received. The Tillmans' contention that they are eligible for sentencing anew is without merit. See Dillon v. United States, 130 S. Ct. 2683, 2690 (2010) ("By its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding," it merely provides for modification of the term of imprisonment.); United States v. Dunphy, 551 F.3d 247, 251-53 (4th Cir.), cert. denied, 129 S. Ct. 2401 (2009).

The Tillmans also challenge the district court's jurisdiction over their criminal proceedings, the propriety of the sentencing enhancement they received, and the effectiveness of their attorneys in advising them regarding the enhancement and failing to object to the enhancement. The district court properly exercised jurisdiction over the Tillmans' violation of federal law. The Tillmans' challenges to their sentences and to the effectiveness of counsel are not properly asserted in the context of a § 3582(c) motion.

3

We have reviewed the records in these cases and find no abuse of discretion and no reversible error. Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED