**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jose Oseguera RODRIQUEZ, a/k/a Jose Oseguera, Defendant—Appellant.**

No. 10–7016.

United States Court of Appeals, Fourth Circuit.

Submitted: Nov. 3, 2010.

Decided: Dec. 7, 2010.

Jose Oseguera Rodriquez, Appellant Pro Se. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Oseguera Rodriquez appeals the district court's orders denying his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c) (2006) and denying his subsequent motion for reconsideration. For the reasons set forth below, we affirm.

Our review of the record reveals that the district court mistakenly assumed that Oseguera Rodriquez was seeking relief under Amendment 706 to the *U.S. Sentencing Guidelines Manual* ("USSG"), which lowered the base offense levels for drug offenses involving cocaine base. USSG App. C, Amend. 706. In his § 3582(c) motion, however, Oseguera Rodriquez clearly sought the benefit of Amendment 709, which altered the computation of criminal history points for certain misdemeanors and petty offenses.

Amendment 709, however, did not become effective until November 1, 2007, and does not apply retroactively. *See* USSG App. C, Amend. 709 (providing effective date); USSG § 1B1.10(c), p.s. (listing amendments that apply retroactively); *see also United States v. Dunphy*, 551 F.3d 247, 249 n. 2 (4th Cir.) (noting that an amendment to the Guidelines may be applied retroactively only when the amend-

ment is expressly listed in USSG § 1B1.10(c)), *cert. denied,* —— U.S. ——, 129 S.Ct. 2401, 173 L.Ed.2d 1296 (2009).

Because Oseguera Rodriquez is clearly not entitled to a reduction based on Amendment 709, we affirm the district court's orders on this alternate ground. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*

*This case was not selected for publication in the Federal Reporter*
*UNPUBLISHED*

**Harvey P. SHORT, Plaintiff—Appellant,**

v.

**Adrian HOKE, Warden, Defendant—Appellee.**

**No. 10–6922.**

United States Court of Appeals, Fourth Circuit.

Submitted: Nov. 30, 2010.

Decided: Dec. 7, 2010.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. David A. Faber, Senior District Judge. (2:09–cv–01097).

Harvey P. Short, Appellant Pro Se.

Before WILKINSON, KEENAN, and WYNN, Circuit Judges.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harvey P. Short seeks to appeal the district court's order adopting the magistrate judge's recommendation and denying relief without prejudice on his 28 U.S.C. § 2254 (2006) petition for failure to exhaust state court remedies. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack,* 529 U.S. at 484–85, 120 S.Ct. 1595. We have independently reviewed the record and conclude that Short has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. Short's motion to compel the Circuit Court of Kanawha County to adjudicate his state habeas corpus petition is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*