**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Tony Bernard ALEXANDER,
Defendant–Appellant.**

No. 12–7219.

United States Court of Appeals,
Fourth Circuit.

Submitted: Nov. 20, 2012.

Decided: Nov. 27, 2012.

Tony B. Alexander, Appellant Pro Se. Kelli Hamby Ferry, Assistant United States Attorney, Charlotte, North Carolina; Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Before TRAXLER, Chief Judge, and SHEDD and FLOYD, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony B. Alexander appeals from the district court's order granting in part his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) (2006).* We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *United States v. Alexander*, No. 3:95–cr–00178–MOC–1 (W.D.N.C. June 8, 2012); *see United States v. Dunphy*, 551 F.3d 247, 257 (4th Cir.2009) (holding that § 3582(c) proceeding is not a resentencing). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*

Edward W. Jefferson appeals the district court's order denying relief on his 42 U.S.C. § 1983 (2006) complaint. We have reviewed the record and find no reversible error. Accordingly, we deny Jefferson's motion for appointment of counsel and affirm for the reasons stated by the district court. *See Jefferson v. Warden Morgan*, No. 1:11–cv–02066–JFM, 2012 WL 2873997 (D.Md. July 12, 2012). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*

---

* Although the district court granted Alexander's § 3582 motion, the reduction granted by the court did not reduce Alexander's sentence to the full extent he requested.