<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-6224**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

TAVARRAS RHODES, a/k/a Tavarras Jerrell Rhodes,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Robert E. Payne, Senior District Judge.  (3:08-cr-00082-REP-2; 3:11-cv-00109-REP)

Submitted:  June 20, 2013            Decided:  June 25, 2013

Before GREGORY, DUNCAN, and DAVIS, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Tavarras Rhodes, Appellant Pro Se.  Richard Daniel Cooke, Angela Mastandrea-Miller, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tavarras Rhodes seeks to appeal the district court's orders denying relief on his 28 U.S.C.A. § 2255 (West Supp. 2013) motion and denying his 18 U.S.C. § 3582(c)(2) (2006) motion. For the reasons that follow, we deny a certificate of appealability and dismiss in part, and affirm in part.

The order denying § 2255 relief is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Rhodes has not made the requisite showing. Accordingly, we

2

deny a certificate of appealability and dismiss the appeal from the denial of § 2255 relief.

Turning to the § 3582 order, the district court denied relief based on the mistaken premise that Rhodes sought relief under the Guidelines amendments pertaining to crack cocaine. In fact, Rhodes sought relief based on Amendment 742, which eliminated the recency enhancement previously found in U.S. Sentencing Guidelines Manual § 4A1.1(e). Under § 3582(c)(2), the district court may modify the term of imprisonment "of a defendant who has been sentenced based on a sentencing range that has subsequently been lowered," if the amendment is listed in the Guidelines as retroactively applicable. 18 U.S.C. § 3582(c)(2); see also USSG § 1B1.10(a)(2)(A), (c), p.s. Amendment 742 is not among those listed in USSG § 1B1.10(c), p.s., and therefore is not retroactively applicable. See United States v. Dunphy, 551 F.3d 247, 249 n.2 (4th Cir. 2009). We affirm the denial of § 3582 relief on this basis.

Accordingly, we deny a certificate of appealability and dismiss in part, and affirm in part. Rhodes' request for appointment of counsel is denied. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART