**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-6229**

_____

CECIL EDWARD JACKSON,

　　　　　Petitioner - Appellant,

　　　v.

SARA REVELL,

　　　　　Respondent - Appellee.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.　Terrence W. Boyle, District Judge.　(5:12-hc-02057-BO)

_____

Submitted:　October 29, 2013　　　Decided:　November 12, 2013

_____

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

_____

Affirmed as modified by unpublished per curiam opinion.

_____

Cecil Edward Jackson, Appellant Pro Se.　Jennifer P. May-Parker, Assistant United States Attorney, Shailika K. Shah, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cecil Edward Jackson, a federal prisoner, appeals the district court's order dismissing his 28 U.S.C.A. § 2241 (West 2006 & Supp. 2013) petition seeking relief under Bailey v. United States, 516 U.S. 137 (1995), and Bousley v. United States, 523 U.S. 614 (1998). After the district court provided Jackson notice that it intended to characterize his petition as a 28 U.S.C.A. § 2255 (West Supp. 2013) motion, see Castro v. United States, 540 U.S. 375, 383 (2003) (requiring notice prior to recharacterizing motion as motion to vacate), Jackson opposed the recharacterization, arguing that he was entitled to proceed with his § 2241 petition under In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). In its final order, the court noted that, while § 2241 may be a proper vehicle to assert a Bailey claim, Jackson had an "unobstructed procedural shot"[1] at filing a § 2255 motion to take advantage of the change in law and, furthermore, Jackson subsequently had received a sentence reduction, which "reset the counter" on Jackson's ability to file a § 2255 motion.

---

[1] Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) ("If [a] prisoner had an unobstructed procedural shot at filing a § 2255 motion to take advantage of [certain changes in law], a § 2241 motion is unavailable to him . . . .").

Unlike the majority of § 2241 petitioners seeking relief under Jones, Jackson still has the opportunity to file his first § 2255 motion. See Rice, 617 F.3d at 807 ("[U]nder the Jones rule a federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law."). While Jackson correctly foresees that the limitations period may preclude his claim, "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." Jones, 226 F.3d at 333.[2] While it is true that this case has had a circuitous route to this point, Jackson had many opportunities to clear the path. His failure to diligently assert his rights bars his § 2241 claim. See Cephas v. Nash, 32 F.3d 98, 105 (2nd Cir. 2003) (holding that where "petitioner invokes § 2241 jurisdiction to raise claims that clearly could

---

[2] We do, however, clarify that the district court erred in stating that the district court's prior grant of a sentence reduction pursuant to the crack cocaine amendment "reset the counter," allowing Jackson to then file a new § 2255 motion. See United States v. Sanders, 247 F.3d 139, 143 (4th Cir. 2001) (holding that Sanders' Fed. R. Crim. P. 35(b) sentence modification did not affect the date on which his judgment of conviction became final and therefore did not restart the one-year limitations period to file motion to vacate); see also United States v. Dunphy, 551 F.3d 247, 251-52 (4th Cir. 2009) (holding that "proceedings under [18 U.S.C.] § 3582(c)(2) [(2006)] 'do not constitute a full resentencing of the defendant'").

have been pursued earlier . . . the savings clause of § 2255 is not triggered and dismissal of the § 2241 petition for lack of jurisdiction is warranted").

For these reasons, although we grant leave to proceed in forma pauperis, we affirm the dismissal of Jackson's § 2241 petition as modified. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED AS MODIFIED

4