**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4392**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JERMAINE LAVONNE CHASE,

             Defendant - Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.  Jackson L. Kiser, Senior
District Judge.  (7:94-cr-40106-jlk-5)

Submitted:  October 27, 2009       Decided:  November 30, 2009

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Christine Madeleine
Lee, Research and Writing Attorney, Roanoke, Virginia, for
Appellant.  Ray Burton Fitzgerald, Jr., OFFICE OF THE UNITED
STATES ATTORNEY, Jean Barrett Hudson, Assistant United States
Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermaine Chase seeks to appeal the district court's grant of his 18 U.S.C. § 3582(c) motion, in which Chase sought a reduction of his sentence. The Government has filed a motion to dismiss the appeal as untimely. While we deny the Government's motion to dismiss, we affirm the district court's grant of Chase's § 3582(c) motion.

The underlying procedural history of this case is long-standing, and well known to the parties. Thus we will not repeat it here. Pertinent to the issues presently on appeal are the following facts. While an appeal was previously pending in this court from the district court's May 24, 2007 Amended Judgment, entered based on the March 23, 2007 directive of this court, the district court entered an order reducing Chase's sentence from 360 to 292 months' imprisonment on his conviction pursuant to 21 U.S.C. § 846 (2006), for conspiracy to possess with the intent to distribute cocaine and cocaine base ("crack") (Count 1). The reduction was made pursuant to U.S. Sentencing Guidelines Manual § 2D1.1 (2007) ("Amendment 706"). As the prior filing of the notice of appeal divested the district court of jurisdiction to enter the order, we granted Chase's motion for remand to confer jurisdiction upon the district court, and remanded the case for the limited purpose of allowing the district court to consider the propriety of resentencing Chase

2

in accordance with the then newly-amended crack cocaine sentencing guideline, Amendment 706. On December 18, 2008, the district court reentered an order granting Chase a reduction of his sentence on Count 1 from 360 months to 292 months' imprisonment.

Chase filed a motion for reconsideration, arguing that the 292-month sentence imposed by the district court for conspiracy to distribute crack cocaine exceeded the 240-month statutory maximum for that conviction, in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). The district court denied the motion on January 27, 2009. Chase filed a motion to correct the order denying his motion for reconsideration, on the ground that he was not convicted of possession with intent to distribute 50 grams or more of cocaine base. Following a hearing, the district court entered an amended order on March 6, 2009, vacating its January 27, 2009 order, and denying Chase's motion to reconsider the December 18, 2008 order reducing his sentence to 292 months pursuant to § 3582(c). Citing to United States v. Dunphy, 551 F.3d 247, 254 (4th Cir. 2009), cert. denied, 129 S. Ct. 2401 (2009), and to USSG § 1B1.10(a)(3), the district court reasoned that the sentence reduction in a § 3582(c) proceeding is not a full resentencing, and that it was accordingly limited to considering the effect of the retroactive amendment only, and not any other sentencing or guidelines

issues.  The district court found that Chase's argument that his sentence violated Apprendi, is a "new issue outside the scope of § 3582(c) because it is unrelated to any change in the sentencing guidelines," that Chase's Apprendi argument had already been raised in the district court and on appeal, and that this court explicitly twice affirmed Chase's 360-month concurrent sentence.  On March 12, 2009, the district court modified its order without changing the substantive ruling.

On March 12, 2009, Chase filed the presently-pending appeal, contending that he is appealing the final order of the district court entered on March 6, 2009.  The Government has filed a motion to dismiss the appeal as untimely, contending that, while Chase's notice of appeal designates the district court's March 6, 2009 order as the order being appealed, Chase actually seeks to appeal the order of December 18, 2008, granting Chase's § 3582(c) motion.

We first address the Government's motion to dismiss Chase's appeal.  A defendant's notice of appeal in a criminal case must be filed within ten days after the entry of the judgment or order being appealed.  Fed. R. App. P. 4(b)(1)(A). Time limits set forth in Rule 4(b) are non-jurisdictional. United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009).

The district court entered its order granting Chase's motion for reduction of sentence pursuant to § 3582(c) on

4

December 18, 2008.  Although the Federal Rules of Criminal Procedure and Federal Rules of Appellate Procedure 4(b) do not provide for tolling of the ten-day appeal period for the filing of a motion for reconsideration, we have held that the filing of such a motion delays the time period for filing the notice of appeal until after the motion has been ruled upon.  United States v. Christy, 3 F.3d 765, 767 n.1 (4th Cir. 1993) (citing United States v. Ibarra, 502 U.S. 1, 4 n.2 (1991)).  Thus, because Chase filed a motion to reconsider and amend the judgment by the January 5, 2009 deadline for filing his notice of appeal, the time for filing the appeal notice was delayed until the district court's issuance of its order denying that motion on January 27, 2009.  The new deadline for the filing of Chase's notice of appeal from the grant of his motion for reduction of sentence, then, was February 10, 2009.  See Fed. R. App. P. 26.  Rather then filing a notice of appeal, Chase filed a "Motion to Amend/Correct Order on Motion for Reconsideration" on January 28, 2009, upon consideration of which motion, as noted above, the district court vacated its January 27, 2009 order and denied the motion to reconsider its grant of Chase's § 3582(c) motion.

In its motion to dismiss, the Government argues that, while the filing of the first motion for reconsideration tolled Chase's appeal period relative to his motion for reduction of

5

sentence, his filing of the second motion to reconsider did not have that same effect. It asserts, therefore, that Chase's notice of appeal, ultimately filed on March 12, 2009, the same day as the entry of the district court's (modified) order denying his motion to amend/correct, was ineffectual to give jurisdiction to this court to consider the merits of the December 18, 2008 grant of Chase's motion for reduction of sentence.

The problem with the Government's analysis is that, in its order ruling on Chase's second motion for reconsideration, the district court expressly vacated its January 27, 2009 order denying Chase's motion for reconsideration. Thus, when the district court, on March 6, 2009, denied Chase's motion for reconsideration of the grant of his § 3582(c) motion, it effectively restarted the clock for the filing of Chase's notice of appeal from the denial of his first motion for reconsideration.

Given this Court's pronouncement in <u>Urutyan</u> that time limits for the filing of appeals in criminal cases are non-jurisdictional, given the unique circumstances present in this case,[*] and giving Chase every possible benefit of the

---

[*] Included in these unique circumstances is the fact that Chase's notice of appeal was filed within the thirty-day (Continued)

6

construction of the rules regarding the timeliness of appeals, we find that because Chase's March 12, 2009 notice of appeal was timely as to the denial of his motion for reconsideration, as set forth in the district court's March 6, 2009 order (as modified on March 12, 2009), this court has jurisdiction to consider Chase's appeal. Therefore, we deny the Government's motion to dismiss Chase's appeal from the December 18, 2009 grant of his § 3582(c) motion.

The substance of Chase's appeal as to the district court's grant of his § 3582(c) motion is his argument that even though the district court lowered his sentence on his crack cocaine conspiracy conviction two levels pursuant to Amendment 706 to the sentencing guidelines, from 360 months' imprisonment to 292 months' imprisonment, it erred in failing to lower his sentence to 240 months, which is the statutory maximum for his conviction. He asserts that his case is distinguishable from Dunphy, such that the district court could have resentenced him when it considered his § 3582(c) motion, because his sentence is unconstitutional.

We find no merit to Chase's claims. First, in Dunphy, we held that proceedings under § 3582(c)(2) do not constitute a

_____

excusable neglect period provided for in Fed. R. App. P. 4(b)(4).

7

full resentencing of the defendant. Dunphy, 551 F.3d at 251-53 (rejecting defendant's argument that United States v. Booker, 543 U.S. 220 (2005), should apply to § 3582 proceeding). There is nothing in Dunphy that limits this rule based on the constitutionality of the original sentence, and the district court correctly relied on Dunphy in refusing Chase's request for resentencing beyond that prescribed by Amendment 706.

Second, Chase's 360-month sentence was not infirm. As noted by the district court, this court twice explicitly affirmed Chase's 360-month concurrent sentence. See United States v. Chase, 296 F.3d 247, 253 (4th Cir. 2002) (holding that the imposition of a single 360-month term for conspiracy, although erroneous, was harmless); United States v. Chase, 1999 WL 1054140, at *2 (4th Cir. Nov. 22, 1999) (No. 98-4665) (remanding for consideration of post-offense rehabilitation departure, but affirming sentence in all other respects). See also United States v. White, 238 F.3d 537, 542-43 (4th Cir. 2001). Hence, this court already has upheld Chase's 360-month sentence and will not further entertain his continued claims that his 360-month sentence violated Apprendi or was otherwise unconstitutional.

Third, when this court remanded the case to the district court on December 16, 2008, the remand was expressly limited to confer jurisdiction to the district court to allow it

to consider the propriety of resentencing Chase in accordance with Amendment 706. Therefore, the district court was foreclosed by the mandate rule from revisiting the issue of the legality of Chase's sentence except as it related to the amended guidelines. See United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (stating that the mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal."); see also Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co., 510 F.3d 474, 481 (4th Cir. 2007). Thus, the district court had no authority in any event to resentence Chase except pursuant to Amendment 706.

Hence, we find no error in the district court's grant of a two-level reduction in Chase's sentence based on Amendment 706, and further find that the district court's grant of Chase's § 3582(c) motion was not an abuse of discretion. See United States v. Goines, 357 F.3d 469, 478 (4th Cir. 2004). Chase's 292-month sentence, as set forth in the district court's March 12, 2009 order, is affirmed.

Accordingly, we deny the Government's motion to dismiss Chase's appeal as untimely, and affirm the district court's grant of Chase's § 3582(c) motion. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
