**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 07-4644**

───────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

DARRYL DEVON GASTON,

               Defendant - Appellant.

───────────

**No. 07-4669**

───────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

GERALD ANTHONY PRATT,

               Defendant - Appellant.

───────────

Appeals from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Senior District Judge. (1:06-cr-00310-WLO-1; 1:06-cr-00310-WLO-2)

───────────

Submitted: May 21, 2010           Decided: June 10, 2010

───────────

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

———————————

James B. Craven, III, Durham, North Carolina; Stanford K. Clontz, Asheville, North Carolina, for Appellants. Anna Mills Wagoner, United States Attorney, Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darryl Gaston and Gerald Pratt were convicted by a jury of conspiracy to distribute crack cocaine, and distribution of crack cocaine (Gaston, six counts; Pratt, two counts), 21 U.S.C. §§ 841(a), 846 (2006). Gaston was also found guilty of possession of a stolen firearm, 18 U.S.C. § 922(j) (2006). Gaston was sentenced to a total term of 235 months imprisonment; Pratt to 240 months. Their attorneys have filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which they assert that there are no meritorious issues for appeal but question, first, whether the district court erred in denying the Appellants' motion for judgment of acquittal, Fed. R. Crim. P. 29, and, second, whether the court erred, with respect to Gaston, in applying a two-level enhancement for possession of a firearm, U.S. Sentencing Guidelines Manual (USSG) § 2D1.1(b)(1) (2006).

Gaston has filed a supplemental pro se brief in which he asserts that he is entitled to resentencing in accordance with Amendments 706 and 709 to the sentencing guidelines and that the district court erred in admitting the transcript of audio tape recordings that were inaudible. Pratt has also filed a pro se supplemental brief in which he argues that the evidence was insufficient to support his conviction. Finding no error, we affirm.

3

We review de novo the district court's denial of a Rule 29 motion for judgment of acquittal. United States v. Ryan-Webster, 353 F.3d 353, 359 (4th Cir. 2003). "[A]ppellate reversal on grounds of insufficient evidence . . . will be confined to cases where the prosecution's failure is clear." Burks v. United States, 437 U.S. 1, 17 (1978). "In determining whether the evidence was sufficient to support a conviction, a reviewing court must determine whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" United States v. Madrigal-Valadez, 561 F.3d 370, 374 (4th Cir. 2009) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Further, this court does not review the credibility of witnesses and assumes the jury resolved all contradictions in the testimony in favor of the Government. United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002).

To establish that Gaston and Pratt violated § 846, the Government was required to establish that: (i) an agreement to distribute crack cocaine existed between Gaston and Pratt; (ii) Gaston and Pratt knew of the conspiracy; and (iii) Gaston and Pratt both knowingly and voluntarily became a part of the conspiracy. United States v. Yearwood, 518 F.3d 220, 225-26 (4th Cir. 2008); see also United States v. Clark, 928 F.2d 639, 641-42 (4th Cir. 1991) ("The essential elements of a § 846 conspiracy are (1) an agreement between two or more persons to

4

undertake conduct that would violate the laws of the United States relating to controlled substances and (2) the defendant's willful joinder in that agreement."). In order to prove Gaston possessed a stolen firearm in violation of 18 U.S.C. § 922(j), the Government had to demonstrate that (1) Gaston possessed the stolen firearm; (2) the firearm had moved in interstate commerce; and (3) Gaston knew or had reason to know that the firearm was stolen. See United States v. Moye, 454 F.3d 390, 395 (4th Cir. 2006).

At trial, Sylvester Island, a confidential informant, testified that he made the following purchases over a seven-month period from Gaston and/or Pratt: (1) on October 6, 2005, a total of seven firearms, plus ammunition, from Gaston; later that same day, two ounces of crack cocaine from Gaston and Pratt; (2) on October 19, 2005, two ounces of crack cocaine from Gaston and two other individuals; (3) on November 1, 2005, a .38 caliber revolver from Gaston; later that same day an additional two ounces of crack cocaine from both Gaston and Pratt; (4) on December 2, 2005, two more ounces of crack cocaine from both Gaston and Pratt; (5) on December 8, two ounces of crack cocaine from Gaston; and (6) on April 22, 2006, two ounces of crack cocaine from Gaston. At each of the controlled purchases where both Gaston and Pratt were present, they arrived together in the same vehicle and shared in the proceeds. According to Island,

5

the guns and crack purchases were made at different times at Gaston's insistence because he (Gaston) said he "don't like to do guns and dope at the same time." Island testified that Gaston admitted to him that the first set of firearms he (Island) purchased from Gaston were stolen and that Gaston stated that he "needed to get them out of his possession." Another Government witness, Jeremy Fisher, testified that his residence was burglarized sometime in July 2005 and among the items stolen were seven firearms. Fisher identified each of the seven firearms purchased from Gaston as the ones that were stolen from him. We find this evidence sufficient to support the jury's verdict with respect to all counts of conviction.

Gaston's advisory guidelines range was determined to be 235-293 months imprisonment, based on a total offense level of 36 and a criminal history category III. The court sentenced him to 235 months. Pratt's guidelines range was 151-188 months imprisonment; however, he was subject to a mandatory minimum sentence of 240 months based on a prior felony drug conviction, 21 U.S.C. § 841(b)(1)(A) (2006).

Gaston first argues, as he did at sentencing, that he should not have received the two-level firearms enhancement because the government failed to show the necessary relationship between the firearms and the drug trafficking activity. Specifically, Gaston claims that, because the guns and drugs

6

were never sold together--or seen together by any of the government's witnesses--that the enhancement was improperly applied.

The guidelines provide that a district court is to increase a defendant's base offense level two levels "[i]f a dangerous weapon (including a firearm) was possessed." USSG § 2D1.1(b)(1). "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1(b)(1), cmt. n.3 (emphasis added). The enhancement is proper when "the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction," United States v. Manigan, 592 F.3d 621, 628-29 (4th Cir. 2010) (internal quotation marks omitted), and even in the absence of proof of "precisely concurrent acts, for example, gun in hand while in the act of storing drugs, drugs in hand while in the act of retrieving a gun," United States v. Johnson, 943 F.2d 383, 386 (4th Cir. 1991) (per curiam). Whether the district court properly applied the USSG § 2D1.1(b)(1) enhancement is reviewed for clear error. United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001).

At sentencing, the district court heard testimony from Special Agent Robert Padgett describing his participation, along with Island, in the purchase of guns and crack cocaine from

7

Gaston on several occasions but never at the same time. According to Padgett this was because Gaston said that "if you sold drugs and guns together, that the sentencing would be a lot worse and the feds would be interested." Padgett testified that, on one occasion (November 1, 2005), he went to Gaston's residence to purchase a firearm and that they discussed a purchase of two additional ounces of crack cocaine to take place later in the day at another residence. We agree with the district court's conclusion that there was a continuing pattern of guns and drug trafficking and, therefore, it was not clearly improbable that the guns were connected with Gaston's drug activity. Accordingly, we find that the court did not clearly err in applying the enhancement.

In his pro se supplemental brief, Gaston argues that he should be given the benefit of Amendment 709 to the sentencing guidelines, which alters the computation of criminal history points for certain misdemeanors and petty offenses. See USSG App. C Amend. 709.

Under 18 U.S.C. § 3553(a)(4), the district court must, with certain exceptions not applicable here, apply the guideline that is in effect on the date the defendant is sentenced. Gaston was sentenced in May 2007. Applying the guidelines in effect on the date of Gaston's sentencing, the district court properly counted his criminal history points. Amendment 709 did

8

not become effective until November 1, 2007, and does not apply retroactively. See USSG § 1B1.10(c) (Amendment 709 is not listed); see United States v. Dunphy, 551 F.3d 247, 249 n.2 (4th Cir.) (noting than an amendment to the Guidelines may be applied retroactively only when the amendment is expressly listed in USSG § 1B1.10(c)), cert. denied, 126 S. Ct. 2401 (2009).

Accordingly, the district court properly counted Gaston's prior convictions in computing his criminal history score.

Gaston also asserts that he is entitled to resentencing either on the basis of Amendment 706 or the Supreme Court's decision in Kimbrough v. United States, 552 U.S. 85 (2007), which held that the district court could deviate from the Guidelines' 100-to-1 crack cocaine to powder cocaine ratio when imposing sentence. Because he did not preserve this claim, our review is for plain error. See Fed. R. Crim. P. 52(b); United States v. White, 405 F.3d 208, 215 (4th Cir. 2005). This court concluded in White that imposing a sentence under the mandatory guidelines scheme was error that was plain, but that prejudice from such an error would not be presumed. 405 F.3d at 217, 221-22. Instead, we held that the defendant bears the burden of showing that the error "affected the outcome of the district court proceeding." Id. at 223. This court relied on the absence of any statement by the sentencing court "that it

9

wished to sentence White below the guideline range but that the guidelines prevented it from doing so," to find that there was "no nonspeculative basis" for finding prejudice. Thus, this court affirmed White's sentence. Id. at 223-24.

Similarly, in this case, even assuming that the district court erroneously believed that it could not deviate from the guidelines range based on the crack/powder cocaine sentencing disparity, the record does not reveal that, had the court recognized its authority, it would have chosen to exercise it. Accordingly, we find that Gaston failed to establish an error that affected his substantial rights.

Any claim Gaston has for resentencing pursuant to Amendment 706 must be addressed by the district court by way of a motion filed pursuant to 18 U.S.C. § 3582 (2006). See United States v. Brewer, 520 F.3d 367 (4th Cir. 2008) (noting that it is "for the district court to first assess whether and to what extent [a defendant's] sentence may be . . . affected [by Amendment 706], and the [district] court is entitled to address this issue either sua sponte or in response to a motion by [the defendant] or the Bureau of Prisons." Id. at 373.

Finally, Gaston challenges certain tape recordings that were played for the jury and the accuracy of the transcripts of those recordings. We have reviewed the record and find no error.

10

In accordance with <u>Anders</u>, we have reviewed the record in these cases and have found no meritorious issues for appeal. We deny as moot Gaston's motion to file a pro se supplemental brief as we have reviewed the claims raised in all supplemental pro se briefs filed by the Appellants and have found them to be without merit. We therefore affirm Gaston's and Pratt's convictions and sentences. This court requires that counsel inform Gaston and Pratt, in writing, of the right to petition the Supreme Court of the United States for further review. We deny counsel's motions to withdraw and the Appellants' motions to relieve and appoint substitute counsel. If either Appellant requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move again in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on both Gaston and Pratt.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>