**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———

**No. 09-6350**

———

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ARTHUR LEE HAIRSTON, SR.,

        Defendant - Appellant.

———

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. John Preston Bailey, Chief District Judge. (3:00-cr-00024-JPB-1)

———

Submitted: March 17, 2011        Decided: April 7, 2011

———

Before WILKINSON and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———

Affirmed by unpublished per curiam opinion.

———

Arthur Lee Hairston, Sr., Appellant Pro Se. Paul Thomas Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

———

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arthur Lee Hairston, Sr., appeals from the district court's order granting in part his 18 U.S.C. § 3582 (2006) motion for reduction of sentence. On appeal, Hairston asserts that the district court abused its discretion by failing to give him a full resentencing hearing and that the district court failed to provide sufficient reasoning for the chosen sentence. We affirm.

Hairston's claim that he was entitled to a full resentencing pursuant to United States v. Booker, 543 U.S. 220 (2005), is foreclosed by our decision in United States v. Dunphy, 551 F.3d 247, 251 (4th Cir.) (holding that "proceedings under § 3582(c)(2) do not constitute a full resentencing of the defendant"), cert. denied, 129 S. Ct. 2401 (2009), and the Supreme Court's decision in Dillon v. United States, 130 S. Ct. 2683, 2693 (2010) (finding that holding in Booker does not apply to § 3582(c)(2) proceedings). Accordingly, this claim is without merit.

Hairston next asserts that the district court did not fully consider his circumstances prior to choosing a sentence. Under § 3582(c)(2), a district court "may reduce the term of imprisonment, after considering the factors set forth in section § 3553(a) to the extent that they are applicable." In United States v. Legree, 205 F.3d 724, 728-29 (4th Cir. 2000), we held

2

that there exists a presumption, absent a contrary indication in the record, that the district court considered the § 3553(a) factors in denying a § 3582(c)(2) motion.  Here, the record provides no support for Hairston's assertions that the district court failed to properly consider his motion; accordingly, we presume that the court's consideration of the appropriate factors was sufficient.  See also United States v. Evans, 587 F.3d 667, 674 (5th Cir. 2009) (holding that court is not required to state findings of fact and conclusions of law when denying § 3582 motion), cert. denied, 130 S. Ct. 3462 (2010).

Based on the foregoing, we affirm the district court's judgment.  We deny Hairston's motions to appoint counsel, to clarify, and to order the Warden to provide writing materials. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3